G. HOWARD CURTIS, RESPONDENT, v. CHARLES E. JOYCE, PROSECUTOR.

Argued November 9, 1916—Decided February 21, 1917.

1. A conviction setting forth that the defendant operated an automobile on High or Main street in the town of Mount Holly, township of Northampton, &c., while under the influence of intoxicating liquor, sufficiently shows a violation of the act of 1913 without finding that High or Main street was a public street.
2. A defendant who desires to object to the jurisdiction of a magistrate on the ground of bias, should do so before the trial or argument.

---

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *James Mercer Davis.*

For the complainant, defendant in *certiorari, V. Claude Palmer.*

The opinion of the court was delivered by

SWAYZE, J. Before dealing with the questions raised in this case, we think it advisable to call attention to the method of entitling the cause. It is entitled Charles E. Joyce *v.* The Judge of the Court of Common Pleas of Burlington County. All that the judge had to do with the case was to hear it on review of the proceedings had before the recorder. While the writ is directed to him, he is no party to the cause

and should not be so treated. The case should be entitled under rule 15 as it was before the recorder, G. Howard Curtis *v.* Charles E. Joyce.

No reasons are printed, but as the complainant, defendant in *certiorari,* makes no objection, we deal with the reasons set forth in the prosecutor's brief.

The proceeding is under the supplement of 1913 to the Disorderly Persons act. The complaint charges that Joyce operated and drove an automobile on the "highway of the street of Mount Holly known as High or Main street while under the influence of intoxicating liquors." He was convicted of having operated an automobile on High or Main street in the town of Mount Holly, township of Northampton, county of Burlington, in the State of New Jersey, while under the influence of intoxicating liquor. We think this is enough to show that the offence was committed upon the public street or highway. The complaint charges that it was on the highway of (evidently a misprint for "or") the street known as High or Main street, and although the conviction does not use the word highway, we think there is a presumption that the High or Main street of a town is a public street.

As to the alleged bias of the recorder, we agree with the judge of the Common Pleas that the prosecutor should have challenged before the case was heard, as provided by section 225 of the Practice act. *Comp. Stat., p.* 4122. Although this is a section of the Practice act, it enacts a rule which should govern in all courts. It would be intolerable to allow a litigant to speculate on the result of a case, and raise a question of jurisdiction only after the decision. If the prosecutor did not know the alleged bias at the time, it may be his misfortune, but it is a misfortune arising out of a want of knowledge that it was his duty to acquire if he wanted to profit by it.

We think the conviction is sufficient in form. This disposes of the reasons argued. The eighth reason, if we may judge from the respondent's brief, raises the question that

the prosecutor was deprived of his constitutional right to a trial by jury. This question is similar to that discussed in the Rodgers case just decided, and it would be interesting to consider whether the same rule would apply to a case where the only proof was that the defendant drove an automobile on a public street while he was under the influence of intoxicating liquor. We are precluded from dealing with this question as the prosecutor has abandoned his eighth reason.

The judgment must be affirmed, with costs.